UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CHRISTOPHER W. LEVY,** *Plaintiff,* v. **Thomas Gerard Kilgore AKA Tom Kilgore,** *Defendant.* | Civil Action No. 1:23-cv-00559<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christopher Levy, by and through his attorneys, brings this action and makes the following complaint against Thomas Gerard Kilgore AKA Tom Kilgore for injunctive relief and damages as follows:

## THE PARTIES

1. Christopher Levy ("Levy") is an individual residing in Texas whose principal residence is in the city of Lakeway in Travis County, Texas.

2. Upon information and belief, Tom Kilgore ("Kilgore") is an individual residing in Texas whose principal residence is also in the city of Lakeway in Travis County, Texas.

3. Upon information and belief, Kilgore is the duly elected Mayor of the city of Lakeway, Texas, having been elected mayor in May of 2021 and again in May of 2023.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq*. Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, this Court has personal jurisdiction over Kilgore in this action because Kilgore lives and works within the Western District of Texas. In addition, Kilgore and/or his agents have committed acts within the Western District of Texas giving rise to

this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Kilgore would not offend traditional notions of fair play and substantial justice

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(a).

## FACTS GIVING RISE TO THIS ACTION

7. The city of Lakeway, Texas is a small town of approximately 20,000 people nestled in the western corner of Travis County, Texas.

8. In order to help interested parties stay up-to-date with what is happening in Lakeway and how the government is functioning, the City creates live stream videos of important meetings, such as those of the City Council and the City Building Commission, and maintains an archive on its official webpage (www.lakeway-tx.gov). Interested parties can, accordingly, watch these meetings live, as they happen, or at a later time on the city's official website.

9. In addition to its official ".gov" website, the City of Lakeway government also has its own verified Government Facebook page. The Facebook page includes a number of videos to help interested parties stay up-to-date with what is happening in Lakeway. These videos include helpful, short videos, such as videos reminding residents about bulk trash pickup, as well as "Live City Updates" in which the Mayor of Lakeway speaks directly into a camera and to the people, much like the President's State of the Union Address.

10. Plaintiff Levy has lived in Lakeway, Texas with his family since 1994. He loves Lakeway, takes great pride in how it has developed and grown, and has a keen interest in how the City is managed.

11. As any good citizen should, when he becomes aware of issues with the city or how it is being managed, Levy reaches out to local officials to voice his concerns and to request that remedial actions be taken.

12. This has, understandably, led to disagreements between Levy and members of the local government.

13. Levy maintains a website called Lakeway Insider (www.thelakewayinsider.com).

2

14. Lakeway Insider's home page includes 2 links, each of which directs the user to a new page with an embedded video that the user can view online. The video clips are accompanied by some written commentary and political speech by Levy.



15. The first link, labeled "Mayor of Lakeway Wants to Remove Christians From Church" directs the user to a new page with a video clip ("Video 1"). This video clip is a portion of a video posted to the City of Lakeway Government's official Facebook account on July 14, 2022 entitled "Mayor Kilgore's July City Update Part 1 of 2".



16.     The second link, labeled "Lakeway Mayor Disrespects Residents and Law Officers" also directs the user to a new page with a video clip ("Video 2"). This video clip is a collection of clips from videos of a Lakeway City Council meeting posted to Lakeway's official ".gov" webpage.



17.     Upon information and belief, the source videos for Videos 1 and 2 were recorded by the City of Lakeway and are not owned by Kilgore.

18.     Levy uploaded Videos 1 and 2 to YouTube (www.youtube.com) and Rumble Canada Inc. (www.rumble.com).

19.     Videos 1 and 2 were made available to view, for free, on youtube.com, rumble.com, and Levy's website thelakewayinsider.com.

20. Upon information and belief, Kilgore, through his personal attorney, Mr. Trey Arbuckle, submitted DMCA Takedown notifications to YouTube and Rumble (collectively, "the Takedown Notices") claiming that:

> (i) These notifications purported to comply with 17 U.S.C. § 512, which requires, among other things: a signature of a person purporting to be authorized to act on behalf of the owner of an exclusive right that is allegedly infringed; (ii) a statement that use is not authorized by the copyright owner, its agent, or the law; and (iii) a statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

21. Upon information and belief, the Takedown Notices misrepresented that Tom Kilgore owns the copyrights to Videos 1 and 2, that he had a good faith belief that Levy's use of the material was not authorized by the copyright owner, and that Mr. Arbuckle was authorized to act on behalf of the copyright owner.

22. Upon information and belief, the Takedown Notices further falsely represented that the use was not authorized by law because non-profit use of brief snippets of political reporting displayed over a public access video system, with no copyright notice, is a classic fair use.

23. Upon information and belief, Videos 1 and 2 were taken down from YouTube and Rumble because of the Takedown Notices.

24. Upon information and belief, Kilgore specifically intended the Takedown Notices to result in the prevention of publication of certain content that was politically damaging to him during a fiercely contested Mayoral election in Lakeway.

## COUNT I
## MISREPRESENTATION UNDER 17 U.S.C. § 512(F)

25. Levy restates and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

26. Upon information and belief, the Takedown Notices represented that the Levy Videos infringed copyrights owned by Defendant or other entities on whose behalf Defendant was authorized to act.

27. The Levy Videos do not infringe any copyright owned by Defendant or by any entity on whose behalf Defendant was authorized to act.

28. Upon information and belief, the Takedown Notice contained misrepresentations that material or activity was infringing.

29. Upon information and belief, Defendant knew at the time he and/or his agent sent the Takedown Notices that the representations in the Takedown Notices that material or activity was infringing were false.

30. The various service providers who removed, or disabled access to, the Levy Videos relied on the misrepresentations contained in the Takedown Notices.

31. The misrepresentations contained in the Takedown Notices were material to the various service provider's decisions to remove, or disable access to, the Levy Videos.

32. Plaintiff Levy suffered damages as the result of the internet service providers YouTube and Rumble relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher Levy respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff for damages according to proof to be provided in this action;

B. A judgment in favor of Plaintiff for its costs and attorneys' fees pursuant to 17 U.S.C. § 512(f);

6

C.     A permanent injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from engaging in any activity to takedown any properly-posted materials or otherwise unjustifiably or illegally suppressing freedom of speech;

D.     Any and all other relief to which Mr. Levy may show himself to be entitled.

### **JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Dated: May 19, 2023

Respectfully submitted,

By: /s/ Matt Olavi.
Matt Olavi (TX Bar No. 24095777)
500 W 2nd St. Suite 1900
Austin, TX 78701
Telephone: 213-595-6177
E-mail: molavi@olavilaw.com

KARISH & BJORGUM, PC
A. ERIC BJORGUM (CA Bar No. 198392)
(Pro Hac Vice to be filed)
Eric.bjorgum@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010

*Attorneys for Plaintiff*
*Christopher Levy*