## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER W. LEVY,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:23-CV-00559-DII** |
| | § | |
| **THOMAS GERARD KILGORE** | § | |
| **AKA TOM KILGORE,** | § | |
| *Defendants* | § | |

### ORDER

Now before the Court is Defendant's Emergency Motion to Compel Christopher W. Levy to Appear for Deposition, filed April 15, 2024 (Dkt. 21), and Plaintiff's Response in Opposition to Defendant's Emergency Motion to Compel Christopher W. Levy to Appear for Deposition, filed April 16, 2024 (Dkt. 23). By Text Order issued April 15, 2024, the District Court referred Defendant's Motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.[1]

Having considered the parties' evidence and arguments, the Court **DENIES** Defendant's Motion to Compel Christopher W. Levy to Appear for Deposition (Dkt. 21). The evidence shows that on April 8, 2024, Defendant unilaterally set Plaintiff's deposition for April 17, 2024, providing less than 14 days' notice. Declaration of Kevin J. Terrazas, Dkt. 21-2 ¶ 2; *see also* FED. R. CIV. P. 32(a)(5)(A). Plaintiff is unavailable on April 17, 2024, but offers five dates within the next month when he is available for deposition.[2] Declaration of Christopher Levy, Dkt. 23-2 ¶¶ 2-4.

---

[1] The District Court also referred Plaintiff's Motion for Protection from Defendant's Untimely Deposition Notice, filed April 12, 2024 (Dkt. 20), which is not yet ripe for disposition.

[2] These dates are well before the discovery deadline of July 26, 2024. Dkt. 19 ¶ 7.

Accordingly, Defendant is **ORDERED** to serve an amended notice to take Plaintiff's deposition on May 7, 8, 14, 15, or 16, 2024. Should Defendant be unavailable on all those days, the parties are **ORDERED** to reschedule the deposition for a mutually agreeable day.

While denying Defendant's motion, the Court observes that it appears Plaintiff's counsel did not respond promptly to Defendant's repeated attempts to schedule Plaintiff's deposition. Counsel for both parties are admonished of their obligation to work cooperatively to attempt to resolve any discovery issues promptly and amicably, without the need for further intervention by the Court. *E.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by the court and the parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007) (Pitman, M.J.).

**SIGNED** on April 16, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE