IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Christopher W. Levy,** § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CAUSE NO. 1:23-CV-00559 |
| § | |
| **Thomas Gerard Kilgore AKA Tom** § | |
| **Kilgore,** § | |
|    *Defendant*. § | |

**DEFENDANT'S MOTION TO SHOW CAUSE WHY PLAINTIFF
SHOULD BE NOT BE HELD IN CONTEMPT FOR FRAUD ON THE COURT**

Defendant Thomas Kilgore files this motion to show cause because Plaintiff Christopher Levy has made material misrepresentations to the Court, which the Court relied on in order to render its order on Defendant's motion to compel (Dkt. 24). Contrary to his representations to this Court under oath, Mr. Levy was available to appear for his half-day deposition on April 17, 2024. In fact, Mr. Levy was able to schedule impromptu meetings that day—after his representations to the Court that he was unavailable.

### BACKGROUND

On May 19, 2023, shortly after Kilgore was re-elected as mayor of Lakeway, Levy filed this lawsuit, alleging that Kilgore had improperly claimed a copyright over videos of Kilgore which Levy had posted online. Dkt. 1. Levy filed his answer and affirmative defenses on July 24, 2023. Dkt. 5.

As previously laid out in Kilgore's emergency motion to compel, both parties requested deposition dates in March 2024, which Kilgore promptly provided but Levy never did. *See* Dkt. 21. Then, late on the night of Good Friday, March 29, Levy served a notice for Kilgore's deposition to be taken on April 12, a date that Kilgore had never provided to Levy. Dkt. 21-2 at

1

¶ 3.  On April 8, after Levy refused repeated requests to provide any dates for his deposition (or dates that he was unavailable), Kilgore noticed Levy's deposition for April 17.  Despite the fact that Kilgore had never offered April 12 as an available date for his deposition, Kilgore agreed to appear and did in fact appear on April 12; importantly, Levy personally attended Kilgore's deposition. Dkt. 21-2 at ¶ 2.

Immediately after sitting through Kilgore's deposition on April 12, Levy filed a motion for protection, asking the Court to protect him from appearing for his own deposition on April 17, based upon his alleged unavailability.  Dkt. 20.  In support of that motion, Levy testified that he was not available on April 17 (without providing any details).  Dkt. 20-2 at ¶¶ 3-5.  Subsequently, Levy filed an additional declaration, wherein he testified that he had "several meetings" scheduled for April 17, "which were scheduled prior to the receipt of Defendant's deposition notice," including "an important business meeting for which at least one person is traveling internationally . . . related to the closing of a business sale" and that he was not available until at least May 7th.  Dkt. 23-2 at ¶ 3.

Based upon Levy's representations, the Court denied Kilgore's motion to compel on April 16 and ordered Kilgore to "serve an amended notice to take Plaintiff's deposition on May 7, 8, 14, 15, or 16, 2024," unless Kilgore was unavailable on all those dates, in which case, the parties were ordered to reschedule for a mutually agreeable day.  Dkt. 24.

Kilgore has since learned, however, that not only was Levy available on April 12, but he was also available on April 17.  In fact, Levy even scheduled a new meeting for that day *after filing his additional declaration on April 16*, contrary to Levy's sworn representations to this Court.  *Compare* 23-2 at ¶ 3 *with* Ex. 1 (G. Vance Decl.) at ¶ 3.  Indeed, on April 17th, Levy attended a breakfast that is held on a weekly basis to which he was not specially invited, was not

speaking, and had no obligation to attend. Ex. 1 (G. Vance Decl.) at ¶¶ 4-5. He even posted on Facebook that day that he attended that breakfast, discussing only that his friend and neighbor had introduced the speaker and not that Levy had any requirement to attend. Ex. 2 (Levy Facebook Post). In addition, he set up a lunch with Councilmember Gretchen Vance just the night before based on Levy's available schedule. Ex. 1 (G. Vance Decl.) at ¶ 3.

Additionally, new evidence has revealed that Levy was fully available on other days in April for a deposition. Indeed, Levy spent most of April 24 and 25 at the Lakeway Activity Center talking to and taking pictures with people, sitting in a chair with a campaign sign, and posting on social media—nothing that would prevent Mr. Levy from sitting for a deposition despite his representations to the Court. *See* Ex. 3 (Investigation Report).

## ARGUMENT

Levy repeatedly misrepresented his availability to the Court in order for the Court to deny Kilgore's motion to compel. While insisting that Kilgore, the sitting mayor of Lakeway, should make himself available for deposition on a date of Levy's own choosing, Levy has represented that various, previously scheduled "meetings" prevent him from appearing for his deposition prior to the May 4 election. Dkt. 21-2 at ¶ 2; Dkt. 23-2 at ¶ 3.

These representations were material. In fact, the Court directly relied on them in its Order—"Plaintiff is unavailable on April 17, 2024 . . . ." Dkt. 24 (citing Declaration of Christopher Levy. Dkt. 23-2 ¶¶ 2-4). But contrary to Levy's representations, he could have appeared for his deposition in April, with availability on at least April 12, 17, 24, and 25. *See* Ex. 1 (G. Vance Decl.) at ¶¶ 3-7 ; Ex. 3 (Investigation Report).

Levy has lied to the Court and that cannot be countenanced. Based upon Levy's repeated misrepresentations to this Court, the Court should order Levy to appear and show cause why he should not be held in contempt.

## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Thomas Kilgore respectfully requests that Plaintiff Christopher Levy be cited to appear to show cause why he should not be held in contempt. Defendant further respectfully requests such other relief, whether in law or in equity, to which the Court may find him entitled.

Respectfully submitted,

**TERRAZAS PLLC**
1001 S. Capital of Texas Hwy, L250
Austin, Texas 78746
512.680.3257

By: */s/ Kevin J. Terrazas*
    Kevin J. Terrazas
    State Bar No. 24060708
    kterrazas@terrazaspllc.com
    Scotty G. Arbuckle III
    State Bar No. 24089969
    tarbuckle@terrazaspllc.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

In compliance with Local Rule CV-7(g), I certify that on April 25, 2024, I attempted to confer with counsel for Plaintiff to discuss the relief requested in this Motion. Despite responding to my email, Counsel refused to provide availability for a conference. *See* Ex. 4. Defendant therefore must assume that Plaintiff is opposed to the relief requested.

*/s/ Kevin J. Terrazas*
Kevin J. Terrazas

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served on all counsel of record by way of e-service on April 26, 2024.

*/s/ Scotty G. Arbuckle III*
Scotty G. Arbuckle III