# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **CHRISTOPHER W. LEVY,** §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>**THOMAS GERARD KILGORE** §<br>**aka TOM KILGORE,** §<br>*Defendant* § | Case No. 1:23-CV-00559-DII |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE DISTRICT COURT

Now before the Court are:

- Defendant's Motion for Summary Judgment, filed July 30, 2024 (Dkt. 28);

- Plaintiff's Motion for Summary Judgment, also filed July 30, 2024 (Dkt. 29);

- Defendant's Objection to and Motion to Strike Plaintiff's Summary Judgment Evidence, filed August 13, 2024 (Dkt. 31);

- Plaintiff's Objection to Defendant's Evidence Submitted in Support of Moti[o]n for Summary Judgment, filed August 13, 2024 (Dkt. 33);

- Defendant's Opposed Motion for Leave to File Late Reply Brief and Objections to Evidence Attached to Plaintiff's Response, filed August 21, 2024 (Dkt. 37);

- Defendant's Motion to Strike Untimely and Undisclosed Witness and Declaration, filed August 21, 2024 (Dkt. 38);

and the associated response and reply briefs. By Text Orders entered September 12, 2024 and December 4, 2024, the District Court referred the motions for summary judgment to this Magistrate Judge for a report and recommendation and the remaining motions for disposition, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

## I. Background

Christopher W. Levy, a resident of Lakeway, Texas, sues Lakeway Mayor Thomas Gerard Kilgore for misrepresentation under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f). Levy alleges that Kilgore sent DMCA takedown notices to YouTube and Rumble Canada Inc. for two videos Levy posted after copying their content from the City of Lakeway's Facebook account and webpage, misrepresenting that they infringed copyrights owned by Kilgore "or other entities on whose behalf Defendant was authorized to act." Complaint, Dkt. 1 ¶ 26. Levy asserts that his actions were not infringing because his "non-profit use of brief snippets of political reporting displayed over a public access video system, with no copyright notice, is a classic fair use." *Id.* ¶ 22. He seeks a permanent injunction restraining Kilgore "from engaging in any activity to takedown any properly-posted materials or otherwise unjustifiably or illegally suppressing freedom of speech," as well as damages, costs, and attorneys' fees. *Id.* at 6-7.

Discovery is closed and trial is set for February 24, 2025. Dkt. 19. The parties now bring cross-motions for summary judgment and four evidentiary motions.

## II. Plaintiff's Motion to Strike (Dkt. 33)

Levy seeks to strike Kilgore's Exhibit 2 to his motion for summary judgment (Dkt. 28-2), comprising Kilgore's takedown notices and related correspondence, and excerpts from Levy's deposition (Exhibit 4, Dkt. 28-4). Dkt. 33 at 3. Because Kilgore did not respond to Levy's motion to strike, the Court **GRANTS** the motion as conceded and, as requested, has considered Exhibit 2 only "to the extent it is material to Plaintiff's case." *Id.* This Magistrate Judge has not considered Exhibit 4 to Kilgore's summary judgment motion, but observes that Levy submitted the entire transcript of his deposition with his response to Kilgore's summary judgment motion (Dkt. 34-1), so the transcript is in the summary judgment record.

### III. Defendant's Motions to File and Strike

#### A. Defendant's Motion to File (Dkt. 37)

Kilgore seeks leave to file his (1) reply in support of his motion for summary judgment and (2) objections and motion to strike Levy's evidence in response to Kilgore's motion for summary judgment, both submitted one day late. Levy offers no opposition to Kilgore's motion for leave and filed a response to his motion to strike. Dkt. 40.

The Court **GRANTS** Defendant's Opposed Motion for Leave to File Late Reply Brief and Objections to Evidence Attached to Plaintiff's Response (Dkt. 37) for lack of opposition.

#### B. Defendant's Motions to Strike

##### 1. Plaintiff's Summary Judgment Evidence (Dkt. 31)

Kilgore moves to strike Levy's Exhibits 1, 4, 6, 8-11, and an invoice attached to Exhibit 3 as hearsay and not properly authenticated, and because the invoice was not timely produced.

Exhibit 1 (Dkt. 29-1) is a printout of Article 1.04 of the City of Lakeway's ordinances on records management. Because the ordinances are available on the City of Lakeway's website and the Court may take judicial notice of governmental websites, Kilgore's motion as to this evidence is moot. *See Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of agency's website); *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020) ("[G]overnmental websites are proper sources for judicial notice.").

Exhibit 6 (Dkt. 29-6) is a 35-second excerpt from the 10-minute video in Exhibit 7. Kilgore does not object to Exhibit 7 (Dkt. 29-7), the source video, which is in the summary judgment record "and is still available on the City of Lakeway's Facebook page." Dkt. 29-3 ¶ 6. Because this evidence is otherwise of record, Kilgore's objection to Exhibit 6 is moot.

Exhibit 8 (Dkt. 29-8) is a nearly five-minute video comprising an approximately 10-second excerpt from the videos in Exhibits 6 and 7 plus video from Lakeway City Council meetings. Kilgore contends that this video was "created by a non-party and of which Plaintiff has no personal knowledge and cannot authenticate without testimony from said non-party." Dkt. 31 at 2. In response, Levy submits a declaration stating that this is a true and correct copy of a video he "had compiled and published to YouTube." Dkt. 29-3 ¶ 7. The Court finds that Levy has authenticated this exhibit under Federal Rule of Evidence 901(b)(1). The Court also rejects Kilgore's argument that the video is hearsay because it is not considered for the truth of any matter asserted therein. *See* FED. R. EVID. 801(c). This Magistrate Judge denies Kilgore's motion to strike Exhibit 8.

The Court does not rely on Levy's Exhibits 4 or 9-11.

Kilgore's motion to strike Levy's summary judgment evidence is **DENIED** as to Exhibit 8 and otherwise **DISMISSED AS MOOT**.

**2. Plaintiff's Evidence in Response to Summary Judgment Motion (Dkt. 37-2)**

Next, Kilgore moves to strike Levy's three declarations submitted in response to Kilgore's summary judgment motion. Levy offered five exhibits: the full transcripts of his and Kilgore's depositions (Dkt. 34-1; Dkt. 34-2); a declaration from Levy, attaching an invoice from Battleship Stance and payment records to Todd Sanders (Dkt. 34-3); and declarations from third parties Sanders and Erik Mulloy (Dkt. 34-4; Dkt. 34-5). Kilgore moves to strike Levy's declaration as a sham affidavit directly contradicting his deposition testimony, and moves to strike the Sanders and Mulloy declarations and the attachments to Levy's declaration "because they are improper evidence that were not produced or disclosed in a timely fashion." Dkt. 37-2 at 4.

Levy argues in response that his declaration is not a sham affidavit because it does not directly contradict his deposition testimony; the invoice and payment records have been authenticated by

4

the Mulloy and Sanders declarations; and, "[r]egarding the identities of Mulloy and Sanders, Defendant could have explored these areas in deposition or via interrogatories but chose not to." Dkt. 40 at 2. Kilgore did not file a reply.

Because the Court does not rely on the declarations Kilgore seeks to exclude, his motion to strike Levy's evidence submitted in response to Kilgore's motion for summary judgment is **DISMISSED AS MOOT**.

### 3. Declaration of Jason Tucker (Dkt. 38)

Finally, Kilgore moves to strike the declaration of Jason Tucker (Dkt. 35-1), contending that Levy attempts to untimely designate Tucker as an expert. In the declaration, Tucker states that he is "a Director of Battleship Stance, Inc., a leading intellectual property management and anti-piracy enforcement company." Dkt. 35-1 ¶ 3. Levy asserts that Tucker's declaration was submitted primarily to authenticate the DMCA counter-notice Tucker submitted for Levy in the course of his normal business. Thus, Levy argues, Tucker is a lay witness.

The Court has considered Tucker's declaration as it concerns his work in this case. Tucker has personal knowledge of the matters in his declaration and may offer limited opinion testimony as a lay witness. FED. R. EVID. 602, 701. Defendant's Motion to Strike Untimely and Undisclosed Witness and Declaration (Dkt. 38) is **DENIED**.

## IV. Summary Judgment Motions

Summary judgment will be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 484 (5th Cir. 2014) . A dispute over a material fact is "genuine" if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* Rather, the party opposing summary judgment must identify specific evidence in the record and articulate the precise manner in which that evidence supports its claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

On cross-motions for summary judgment, the Court reviews each party's motion independently, in the light most favorable to the non-moving party. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010).

**A. Plaintiff's Motion for Summary Judgment**

Levy's sole claim is for DMCA misrepresentation under 17 U.S.C. § 512(f):

> **(f) Misrepresentations.**—Any person who knowingly materially misrepresents under this section—
> **(1)** that material or activity is infringing, or
> **(2)** that material or activity was removed or disabled by mistake or misidentification,
>
> shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

Under City of Lakeway ordinances §§ 1.04.001 and 1.04.003, all video recordings created by any of the city's officers "in the transaction of public business" are city property. § 1.04.001, Dkt. 29-1 at 1. "No city official or employee has, by virtue of his or her position, any personal or property right to such records even though he or she may have developed or compiled them." § 1.04.003, *id*.

The two videos at issue comprise excerpts from Lakeway City Council meetings and a presentation Kilgore gave as mayor to Lakeway residents, sitting at a desk in front of United States and Texas flags. In the full version of the latter video, Kilgore begins: "Hey, good afternoon, Lakeway. It's Mayor Tom with another Mayor Facebook Live presentation to you, the residents of the City of Lakeway, best little city in West Travis County." Dkt. 29-7.

In his DMCA takedown notices, Kilgore states that, as the creator of the source video, he "owns all rights to it," and refers to the disputed videos as "the infringing material." Dkt. 28-2 at 5. Kilgore testified at deposition that he was aware of the cited ordinances before directing his attorney to file the DMCA takedown notices alleging that he personally owned a copyright interest in the videos.

Kilgore Tr. at 44:24-45:18, Dkt. 29-2 at 12. Still, Kilgore contends that he has a subjective, good-faith belief that he owns the copyrights. *Id.* at 45:19-21; *see also, e.g.*, Dkt. 32 at 8 (stating that "the evidence overwhelming[ly] shows Kilgore had a good-faith belief and still believes he owns the videos in question and that the use of the material was not authorized").

Questions of intent are usually inappropriate for disposition on summary judgment. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir. 1991). Considering all the evidence and viewing all inferences drawn from that evidence in the light most favorable to Kilgore, the Court finds that there is a genuine issue of material fact as to whether Kilgore satisfied the first requirement under Section 512(f) by **knowingly** materially misrepresenting that the videos at issue were infringing. Inquiry into the credibility of Kilgore's asserted subjective belief is appropriate for trial. *E.g.*, *Reeves*, 530 U.S. at 150; *Davenport v. Edwards D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) ("The court must consider both direct and circumstantial evidence but may not make credibility assessments, which are the exclusive province of the trier of fact.") (cleaned up).

Levy relies on *Online Pol'y Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004), in which the Northern District of California decided as a matter of first impression that the term "knowingly" in Section 512(f) "means that a party actually knew, should have known if it acted with reasonable care or diligence, or would have had no substantial doubt had it been acting in good faith, that it was making misrepresentations." But the Court finds that this interpretation of "knowingly" states an objective negligence standard rather than requiring subjective actual knowledge, as clarified in subsequent opinions, including by the Northern District of California's reviewing court. *See Rossi v. Motion Picture Ass'n of Am.*, 391 F.3d 1000, 1005 (9th Cir. 2004) ("A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake."); *Nat'l Acad. of Television Arts &*

*Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 433 (S.D.N.Y. 2021) (stating that "negligence is not the standard for liability under section 512(f)") (quoting *Cabell v. Zimmerman*, No. 09-CV-10134, 2010 WL 996007, at *4 (S.D.N.Y. Mar. 12, 2010)); *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 44 (S.D.N.Y. 2017) ("[A] copyright holder is not liable for misrepresentation under the DMCA if they subjectively believe the identified material infringes their copyright, even if that belief is ultimately mistaken."); *see also In re Bose Corp.*, 580 F.3d 1240, 1244 (Fed. Cir. 2009) (contrasting subjective intent with negligence standard, which typically requires only that a defendant should have known his actions were unlawful).

Levy also argues that he posted the videos to inform Lakeway voters about Kilgore, who was running for reelection – "an obvious fair use" – and that Kilgore violated the DMCA by failing to consider fair use before filing his takedown requests. Dkt. 36 at 7. Fair use of a copyrighted work is not infringement and includes use "for purposes such as criticism, comment, [or] news reporting." 17 U.S.C. § 107.

Even if an individual must consider fair use before sending a takedown notice under Section 512(f) – a question the Fifth Circuit has not yet addressed, *Handshoe v. Perret*, No. 1:15CV382-HSO-JCG, 2018 WL 4374188, at *8 (S.D. Miss. Sept. 13, 2018) – Kilgore avers that he did consider fair use: "I relied on the advice of counsel that [the] video in question infringed on my copyright and was not fair use." Dkt. 32-1 ¶ 5.

This Magistrate Judge finds that Kilgore has raised genuine disputes of material fact as to whether he knowingly materially misrepresented that the videos at issue were infringing, and Levy has not shown that he is entitled to judgment as a matter of law. The Court recommends that the District Court deny Levy's motion for summary judgment.[1]

---

[1] Because Levy has not shown that Kilgore meets the first statutory requirement of Section 512(f), he cannot prevail on summary judgment, and the Court need not address his other arguments.

### B. Defendant's Motion for Summary Judgment

Kilgore moves for summary judgment on the basis that Levy lacks standing and offers no evidence of any damages he suffered as a result of the videos being taken down.

A DMCA takedown notice is a "notification of claimed infringement." 17 U.S.C. § 512(c)(3). In his takedown notices, Kilgore alleged that he owned the rights to the disputed videos, and that "infringing material" had been copied and improperly posted. *E.g.*, Dkt. 28-2 at 5. Section 512(f) permits an "alleged infringer" to sue for damages.

At deposition, Levy testified that he directed Sanders and Mulloy to create the disputed videos and post them to YouTube and Rumble. Levy Tr. at 74:18-24, 103:16-105:10, Dkt. 34-1 at 21, 28; *see also* Plaintiff's Decl., Dkt. 29-3 ¶¶ 4, 7, 8, 10 (stating that Levy directed creation of the videos and their upload to YouTube and Rumble). On the summary judgment record, Levy has shown that he is an alleged infringer and has standing to bring his claim under Section 512(f). *See ISE Entm't Corp. v. Longarzo*, No. CV 17-9132-MWF(JCx), 2018 WL 1569803, at *6 (C.D. Cal. Feb. 2, 2018) ("As an 'alleged infringer,' [Plaintiff] has standing to sue under Section 512(f)."); *Prof'l Org. of Women in Entm't Reaching Up v. Killola*, No. CV 14-5606 PA (VBKx), 2014 WL 12607701, at *3 (C.D. Cal. Oct. 9, 2014) (same).

Levy also submits evidence that he suffered damages by paying to set up a website to host the videos after their takedown, paying a consultant to prepare counter-takedown notices, and incurring attorneys' fees. Dkt. 29-3 ¶¶ 12-13, 16-18. Levy thus has raised a genuine issue of material fact whether he has suffered damages. *Cf. Lenz v. Univ. Music Corp.*, 815 F.3d 1145, 1156 (9th Cir. 2016) (holding that a plaintiff may seek recovery of nominal damages for an injury incurred as a result of a § 512(f) misrepresentation); *Lenz v. Univ. Music Corp.*, 572 F. Supp. 2d 1150, 1156-57 (N.D. Cal. 2008) (finding that plaintiff, an accused infringer asserting a fair use

defense, alleged that she incurred actual damages "in reviewing counter-notice procedures, seeking the assistance of an attorney, and responding to the takedown notice. Though damages may be nominal and their exact nature is yet to be determined, the Court concludes that Lenz adequately has alleged cognizable injury under the DMCA.") (citations omitted). This Magistrate Judge finds that Kilgore has not shown he is entitled to summary judgment on the basis that Levy lacks standing or damages.

Last, Kilgore argues that Levy has not shown that Kilgore lacked a good-faith belief that he owned the copyright to the disputed videos. As stated above, this Magistrate Judge has found that a genuine dispute of material fact exists as to whether Kilgore knowingly materially misrepresented that the videos were infringing.

For these reasons, this Magistrate Judge recommends that the District Court deny Kilgore's motion for summary judgment.

## V. Order

In sum, as detailed above, the Court **DENIES IN PART and DISMISSES AS MOOT IN PART** Defendant's Objection to and Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. 31); **GRANTS** Plaintiff's Objection to Defendant's Evidence Submitted in Support of Moti[o]n for Summary Judgment (Dkt. 33); **GRANTS** Defendant's Opposed Motion for Leave to File Late Reply Brief and Objections to Evidence Attached to Plaintiff's Response (Dkt. 37); **DISMISSES AS MOOT** Defendant's Objections to Evidence Attached to Plaintiff's Response (Dkt. 37-2); and **DENIES** Defendant's Motion to Strike Untimely and Undisclosed Witness and Declaration (Dkt. 38).

## VI. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DENY** both Defendant's Motion for Summary Judgment (Dkt. 28) and Plaintiff's Motion for Summary Judgment (Dkt. 29).

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## VII. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 13, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE